**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **JEREMY HAYES MUNDINE, #1131861** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:22cv929** |
| | § | ***consolidated with* 4:22cv930** |
| **DIRECTOR, TDCJ-CID** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Petitioner Jeremy Hayes Mundine, an inmate confined in the Texas prison system, filed petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitions were referred to United States Magistrate Judge Kimberly C. Priest Johnson for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## I. PROCEDURAL BACKGROUND

Petitioner is challenging two Grayson County convictions. Cause Numbers 49003, 49004. A jury found Petitioner guilty of aggravated kidnapping and aggravated sexual assault, and on October 21, 2002, assessed punishment at fifty years' confinement in each case. On March 9, 2004, the Fifth Court of Appeals affirmed the convictions and sentences. *Mundine v. State*, No. 05-03-00334-CR & 05-03-00335-CR, 2004 WL 423145 (Tex. App. Mar. 9, 2004). His petitions for discretionary review were refused on January 26, 2005. PD-0574-04; PD-0575-04. Petitioner has filed multiple applications for state habeas corpus relief related to his Grayson County convictions. His first two applications were denied without written order on September 12, 2007. *Ex parte Mundine*, Nos. WR-30,430-04 & WR-30,430-05. His subsequent applications were dismissed pursuant to Tex. Code Crim. Proc. art. 11.07, § 4. *See Ex parte Mundine*, No. WR-30,430-08

(dismissed on January 29, 2014); *Ex parte Mundine*, No. WR-30,430-09 (dismissed on March 5, 2014); *Ex parte Mundine*, No. WR-30,430-10 (dismissed on October 5, 2022); *Ex parte Mundine*, No. WR-30,430-11 (dismissed on October 5, 2022).

On October 11, 2007, Petitioner filed a federal habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the same Grayson County convictions he challenges in this action. *See* Civil Action No. 4:07-cv-489 (Dkt. #1). On March 25, 2011, the petition was dismissed with prejudice. Civil Action No. 4:07-cv-489 (Dkt. ##25, 30, 31).

On October 24, 2022, Petitioner filed the instant § 2254 petitions challenging Grayson County convictions, Cause Numbers 49003 and 49004. 4:22-cv-929 (Dkt. # 1); 4:22-cv-930 (Dkt. #1). The Director was not ordered to file a response.

## II. SUCCESSIVE PETITIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244(b). Under Fifth Circuit precedent, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[1] The "fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission." *Crone*, 324 F.3d at 837. A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See*

[1] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See Orozco-Ramirez*, 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

*Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies). To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review.

Petitioner has filed at least one previous federal habeas corpus petition challenging the same convictions, which was dismissed with prejudice. The prior dismissal was not based on prematurity or lack of exhaustion. This Court does not have subject matter jurisdiction to consider Petitioner's current petitions unless he receives permission from the Fifth Circuit to file successive petitions. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not shown that he has permission from the Fifth Circuit to file the present petitions; accordingly, the current petitions should be dismissed unless Petitioner shows within fourteen days from the receipt of this Report and Recommendation that he received permission from the Fifth Circuit to file these new successive petitions. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997).

## III. RECOMMENDATION

It is recommended the petitions for writ of habeas corpus be dismissed without prejudice to Petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2254.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 14th day of March, 2023.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE