IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEREMY HAYES MUNDINE, #1131861 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  4:22cv929 |
| | § | *consolidated with* 4:22cv930 |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that the petitions for writ of habeas corpus should be dismissed without prejudice as successive petitions. (Dkt. #6). Petitioner filed objections. (Dkt. #8).

In the objections, Petitioner asserts that he should be permitted to proceed with his petitions based on the actual innocence and miscarriage of justice exception for successive petitions and then proceeds to argue the merits of his habeas claims. The undersigned notes that a credible showing of actual innocence can allow petitioners to escape various procedural bars. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). The Supreme Court has held that "a federal court may hear the merits of the successive claims if the failure to hear the claims would constitute a 'miscarriage of justice.'" *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). However, the actual innocence exception does not allow a petitioner to avoid the statutory gatekeeping provisions for second or successive petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-

1

innocence provisions."). "There is no provision in the law allowing the district court to consider a successive petition merely because the petitioner asserts that he is actually innocent or that the state court judgment is void; rather, these are claims which may be presented to the Court of Appeals as part of a showing that leave to file a successive petition should be granted." *Butler v. Dir., TDCJ-CID*, No. 6:10CV134, 2010 WL 2024877, at *1 (E.D. Tex. May 18, 2010); *see also In re Warren*, 537 F. App'x 457, 457-58 (5th Cir. 2013) (holding that the actual innocence exception is modified by § 2244(b) with respect to second-or-successive petitions); *Gonzales v. Davis*, No. B-17-CV-237, 2018 WL 1413341, at *3 (S.D. Tex. Feb. 2, 2018) ("District courts lack jurisdiction over a successive habeas petition where the petitioner does not show that he has the authorization of the court of appeals. This is true even where the petitioner asserts a claim of actual innocence.") (internal citations omitted); *Phillips v. Stephens*, Civ. No. 3:14-CV-2664-L, 2014 WL 4978659, at **1-2 n.l (N.D. Tex. Oct. 6, 2014) (ordering transfer of § 2254 petition to the Fifth Circuit because it was successive and stating that "[i]nsofar as Petitioner asserts actual innocence, *McQuiggin v. Perkins*[, 569 U.S. 383 (2013)] does not authorize the Court to ignore or bypass the constraints on successive applications."). Thus, Petitioner must still receive permission from the Fifth Circuit Court of Appeals to file a second or successive petition based on actual innocence. Petitioner has not shown that he has sought or received permission from the Fifth Circuit to file the instant § 2254 petitions. Accordingly, this Court does not have subject matter jurisdiction to consider Petitioner's current petitions.

      The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby

adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** that the petitions for a writ of habeas corpus are **DISMISSED** without prejudice to Petitioner's right to file a motion for leave to file a successive 28 U.S.C. § 2254 petition in the United States Court of Appeals for the Fifth Circuit. He may not refile these petitions without first obtaining such permission, and the dismissal of the present cases shall have no effect upon Petitioner's right to seek permission from the Fifth Circuit to file a second or successive petition.

It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 26th day of April, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE